UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

ARPAD BUCHHOLCZ, on behalf of himself and all
others similarly situated,

                       Plaintiff,

        v.

DYNAMIC TRANSPORTATION INC. D/B/A IMPERIAL
MOVING AND STORAGE, and D/B/A CUBE
MOVERS and LIONS DEN ENTERPRISES INC.
D/B/A IMPERIAL MOVERS, D/B/A IMPERIAL SELF
STORAGE, and D/B/A IMPERIAL MOVING AND
STORAGE and DANIEL NORBER

                       Defendants.

----------------------------------------------------------------------X

**Case No.**

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Plaintiff ARPAD BUCHHOLCZ ("Plaintiff or "Buchholcz") on behalf of himself, individually, and on behalf of all others similarly situated, by and through his attorneys, Avallone & Bellistri LLP, as and for his Complaint against defendants DYNAMIC TRANSPORTATION INC. d/b/a IMPERIAL MOVING AND STORAGE and d/b/a CUBE MOVERS, LIONS DEN ENTERPRISES INC. d/b/a IMPERIAL MOVERS, IMPERIAL SELF STORAGE, and IMPERIAL MOVING AND STORAGE ("MOVERS") and DANIEL NORBER ("NORBER") (Movers and Norber, collectively, "Defendants"), alleges, upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.     This class and collective action is brought on behalf of Plaintiff and similarly-situated employee/movers/workers to recover: (i) unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207, et seq. ("FLSA") and the overtime provisions of the New York Labor Law § 650 et seq. ("NYLL"); N.Y. Compo Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (ii) unpaid "spread of hours" premium wages for each day Plaintiff and putative class members worked shifts in excess often (10) hours, NYCRR tit. 12, § 142-2.18; (iii) statutory damages for Defendants' failure to

comply with the NYLL's requirement that upon hiring, employers furnish their employees with a wage notice containing specific categories of information, NYLL § 195(l)(a); (iv) statutory damages for Defendants' failure to comply with the NYLL's requirement that employers provide to their employees on each pay day wage statements containing specific information, NYLL § 195(3), NYCRR tit. 12 § 2.7; and (v) pre-judgment and post-judgment interest, attorneys' fees, and costs.

2.       Defendants own, operate, and/or control a moving, storage and transportation enterprise based in Manhattan and Bronx and doing business in New York City, Bronx, Brooklyn, Richmond, Queens, Nassau, and Westchester in State of New York that provides moving and storage services for residents and businesses throughout the New York Metropolitan Area.

3.       NORBER, the individual defendant, is the owner, manager, principal, Chief Executive Officer and/or agent of Defendant MOVERS, and, in this capacity, NORBER managed and directly supervised approximately 35 employees, movers, drivers and helpers, including Plaintiff. NORBER directly controlled and determined the wages, work schedules, and duties of Plaintiff and putative collective and class members, and he had hiring and firing authority over all employees.

4.       Beginning in or about June 2013 and continuing until on or about May 2024, Plaintiff was continuously employed by Defendants as a transporter, mover and helper.

5.       Plaintiff worked for Defendants as a mover and at times helper in excess of 40 hours per week, without appropriate hourly pay, overtime and spread-of-hours compensation for the hours that Plaintiff worked.

6.       Defendants compensated Plaintiff at a fixed hourly rate for the hours he worked in check or cash, without paying Plaintiff premium overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week. Throughout Plaintiffs employment with Defendants, Plaintiff worked substantial overtime hours, including weeks when he worked six or seven days.

7.      Defendants continued their foregoing, unlawful practice of failing and refusing to pay Plaintiff and other movers and helpers their regular hourly wages and premium overtime wages of one and one-half times their regular rates of pay for the substantial hours they worked in excess of forty (40) hours per week until approximately May 31, 2024, when Plaintiff was force to resign from the Defendants' employ due to a work related accident.

8.      In addition, until approximately May 31, 2024, Plaintiff and other drivers were not paid any wages at all for some of the hours they worked, even when their assigned routes caused them to return to Defendants' garage later than the scheduled end of their work shifts. For example, Plaintiff worked long shifts, and his regular daily work schedule was from 7:00 a.m. to 5:00 p.m. However, when his assigned routes took longer than anticipated, he would not return to the garage until 7:00 p.m. or later, and he did not receive any pay (let alone premium overtime pay) for the additional time he worked after 5:00 p.m.

9.      Defendants' foregoing wage and hour violations extended beyond Plaintiff to similarly-situated employee movers and helpers.

10.      At all times relevant to this Complaint, until approximately May 31, 2024, Defendants maintained a policy and practice of requiring Plaintiff and other employee movers and helpers to work in excess of forty (40) hours per week without providing overtime compensation as required by the FLSA and NYLL, and paying no wages for hours that drivers worked beyond the scheduled end of their work shifts.

11.      Furthermore, in violation of the NYLL, Defendants failed to provide Plaintiff with accurate wage statements on each payday. Nor did Defendants provide Plaintiff with any wage notice at the time of his hire, let alone an accurate one.

12.      Defendants paid and treated all of their employee movers and helpers in the same manner.

13.      Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly-situated current and former movers and helpers who elect to opt-in to

this action pursuant to the FLSA, 29 U.S.C. § 2l6(b), to remedy Defendants' violations of the overtime provisions of the FLSA.

14.    Plaintiff also brings this action on behalf of himself and all similarly-situated current and former movers and helpers pursuant to Fed. R. Civ. P. 23 to remedy Defendants' violations of the NYLL and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. § l367(a).

16.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their principal place of business within this judicial district, and Defendants operate their paratransit service in this judicial district. Further, Plaintiff was employed by Defendants in this judicial district.

## PARTIES

*Plaintiff*

17.    Plaintiff is an adult individual residing in Bronx County, New York.

18.    At all relevant times during his employment, Plaintiff reported to work at Defendants' principal office, located at 200 E. 138 Street, Bronx, NY or 83 Washington Place, New York, NY 10011.

19.    Each workday, Plaintiff was assigned by a dispatcher, Bogdan Biletskyi, as to where he would be going for work that day in Queens, Bronx, New York, Brooklyn, Staten Island, Westchester and/or Nassau counties.

20.    At all relevant times, Plaintiff worked for Defendants was an employee entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

21.    Plaintiff consents to being a party plaintiff pursuant to 29 U .S.C. § 216(b), and brings his claims individually and also as a representative party of a prospective collective of similarly situated

individuals (movers, helpers and drivers) under 29 U.S.C. § 216(b) and as a representative party of a prospective class under Fed. R. Civ. P. 23.

*Defendants*

22.     At all relevant times, Defendants owned, operated, and/or controlled different moving and storage companies business that provides transportation of property services for various coropate and individual customers within the New York metropolitan area.

23.     Upon information and belief, DYNAMIC TRANSPORTATION INC. is a foreign corporation organized and existing under the laws of the State of New Jersey, and authorized to conduct business in the State of New York under the various names or d/b/a IMPERIAL MOVING AND STORAGE; and d/b/a Cube Movers.

24.     Upon information and belief, DYNAMIC TRANSPORTATION INC. maintains a physical address at 920 Broadway, Newark, NJ 07104, 1147 Broadway, 2nd Floor, New York, NY and 200 E. 135th Street, Bronx, New York 10451.

25.     Upon information and belief, LIONS DEN ENTERPRISES INC. is a foreign corporation organized and existing under the laws of the State of New Jersey, and authorized to conduct business in the State of New York under the various names or d/b/a IMPERIAL MOVERS; d/b/a IMPERIAL SELF STORAGE; and d/b/a IMPERIAL MOVING AND STORAGE.

26.     Upon information and belief, LIONS DEN ENTERPRISES INC. maintains a physical address at 1147 Broadway, 2nd Floor, New York, NY; 83 Washington Place, New York, NY 10011 and 200 E. 135th Street, Bronx, New York 10451, where movers and helpers reported to work each day.

27.     DANIEL NORBER is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. NORBER is and/or was the Chief Executive Officer for Defendant Companies and is sued individually and in his capacity as owner, officer, managing member, and/or agent of the defendant companies.

28.     Upon information and belief, NORBER possesses operational control over, and an ownership interest in the defendant companies.

29.    At all relevant times, NORBER determined the wages and compensation of Defendants' employees, including Plaintiff, established the schedules of drivers, movers and helpers and determined methods and rates of pay, maintained employee records, and had the authority to hire and fire employees.

30.    On a day-to-day basis, NORBER managed and oversaw the operations of Defendant Companies' business.

31.    NORBER supervised Plaintiff and assigned his dispatchers to determine his work schedule.

32.    At all relevant times, Defendants were employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiffs employment, and determined the rate and method of Plaintiffs compensation.

33.    Upon information and belief, the annual dollar volume of gross revenue each year of Defendants exceeds $500,000.00, and it was and is an enterprise engaged in interstate commerce within the meaning of the FLSA as Defendants employ and employed two or more employees, bought supplies, materials and equipment, such as vehicles, deployable ramps and/or lifts, vehicle parts and garage supplies from vendors located in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

**The Proposed FLSA Collective.**

34.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his FLSA overtime claim, the First Cause of Action, on behalf of himself and the FLSA Collective, which consists of:

> All persons who work or have worked as paratransit drivers commencing three years prior to the   commencement of this action to the date of final judgment in this matter (the "Collective Action Members").

35.    A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were not exempt from the FLSA's overtime

provisions, and they were subjected to Defendants' practice of not paying legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

36.     Plaintiff and the approximately 35-plus Collective Action Members have substantially similar job duties (to wit, moving items from one location to another and storage of property within the State of New York and in the Southern District of New York), and they are paid pursuant to similar, if not the same, payment structure.

37.     At all relevant times, Defendants were aware and have been aware of the requirements to pay Plaintiff and the Collective Action Members at amounts equal to one and one-half times their regular rates of pay for all hours worked each workweek above forty hours, yet they purposely and willfully chose not to do so.

38.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages, prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

39.     The Collective Action Members are readily ascertainable, such information being in the possession and control of Defendants.

40.     Plaintiffs consent to sue under the FLSA is annexed hereto as Exhibit A.

**The Proposed R. 23 Class**.

41.     Plaintiff brings the Second through Fifth Causes of Action, the NYLL Claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons (the "Rule 23 Class" or "NYLL Class") consisting of:

> All persons who work or have worked for Defendants as movers and helpers
>
> in New York during the NYLL limitations period.

42.     The members of the NYLL Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

43.     Upon information and belief, there are approximately 35 or more members of the NYLL Class.

44.     The NYLL Class members are readily ascertainable. The number and identity of the Rule 23 Class members are determinable from the records of Defendants. The positions held, and nature and extent of unpaid overtime wages and unpaid spread-of-hours wages are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

45.     The Defendants, their officers, and directors are excluded from the NYLL Class, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

46.     Plaintiff's claims are typical of those claims that could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class.

47.     Plaintiff is familiar with putative class members' specific experiences with respect to working overtime without receiving premium overtime pay.

48.     Plaintiff and the NYLL Class have been subjected to common wage and hour violations in that they were deprived of overtime pay and premium spread-of-hours pay pursuant to Defendants' common policies, practices, and patterns of conduct, and they were not issued accurate wage notices and wage statements containing all required information.

49.     Defendants' corporate-wide policies and practices affected everyone in the NYLL Class similarly, and Defendants profited from the same type of unfair, exploitative, and/or wrongful acts as to each member of the NYLL Class.

50.     Plaintiff is able to fairly and adequately protect the interests of the NYLL Class and has no interests antagonistic to the NYLL Class.

51.     Plaintiff is represented by attorneys who are experienced and competent in both class and collective action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

52.    A class action is superior to other available methods of fair adjudication of NYLL claims, particularly because many of the putative members of the NYLL Class may be fearful of suffering retaliation if they independently commence a lawsuit, and may not have the resources to vigorously pursue a lawsuit.

53.    Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and/or each member of the NYLL Class individually and include, but are not limited to, the following; whether Defendants paid the NYLL Class premium overtime wages and spread-of-hours pay to which putative members of the NYLL Class were entitled to under the NYLL; and whether Defendants furnished Plaintiff and the putative NYLL Class members with accurate wage notices at the time of hire and wage statements on each payday as required by the NYLL and its supporting regulations.

54.    Plaintiff and the putative NYLL Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.

55.    Therefore, Plaintiffs claims and/or Defendants' defenses to those claims are typical of the putative NYLL Class members' claims and Defendants' defenses to those claims.

56.    At all relevant times, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the putative NYLL Class members.

57.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**Factual Allegations on Behalf of Plaintiff**

58.    Plaintiff's job duties included lifting, carrying and moving furniture, personal property and other items belonging to clients of the Defendants (customers) to and from locations in the five boroughs, Nassau and Westchester counties.

59.    Plaintiff was hired by the defendant in approximately June 2013.

60.     Throughout Plaintiff's employment, Plaintiff was compensated at a fixed hourly rate of $11.00 in 2018, including those over forty (40) per workweek in 2018 and increased one dollar per year up to May 2024.

61.     In 2018, Plaintiff asked the dispatcher and co-workers why Defendants were not paying him one and one-half times his regular hourly rate of pay ($11.00 in 2018, $12,00 in 2019, $13.00 in 2020, $14.00 in 2021, $15.00 in 2022, $16.00 in 2023, and $17.00 in 2024) for the hours Plaintiff worked above the first forty (40) per week. Dispatcher told Plaintiff that the Defendants (paraphrasing) "don't pay overtime. They need to make money for themselves too."

62.     Defendants continued their unlawful practice of paying "straight time" for overtime hours until approximately May 31, 2024, when Plaintiff left the employ of the Defendants due to a work related injury.

63.     From 2013 (when Plaintiff began working for Defendants) through approximately May 31, 2024, Plaintiff and other movers and helpers began their workdays at 7:00am, and they were scheduled to return at 5:00pm but most times they returned well past 7:00pm.

64.     Due to the amount of time it took for the movers and helpers to complete trips and their duties of moving heavy items varied depending on a variety of factors, including traffic, number of items to be transported, and the weight of each item, movers and helpers regularly worked past the scheduled end of their shifts, without receiving extra pay. As a result, although movers and helpers were ostensibly paid on an hourly basis, in actuality, Plaintiff and other movers were paid no wages at all for work that they performed after the scheduled end of their shifts or for the extra hours they worked over 40 hours per week.

65.     Initially, Plaintiff understood that his work schedule would involve five days of work per week, with Saturdays and Sundays off.

66.     However, Plaintiff generally worked six or seven days per week.

67.     For example. Plaintiffs Time Sheet statements for the two-week pay period commencing December 10,2023 through December 23, 2023 states that Plaintiff worked 96 hours (i.e., at least 16

overtime hours) during the foregoing period. However, Defendants paid Plaintiff his regular hourly rate of $17.00 for all of the hours he worked ($17 x 96 hours = $2,172.00), including the hours Plaintiff worked above the first forty (40) per week. Therefore, for the foregoing pay period, Plaintiff was underpaid by at least $408.00 ($25.50 x 16 hrs. = $408.00). A redacted copy of Plaintiffs Time Sheet Statement is attached hereto as Exhibit B.

68.    Defendants continued their foregoing practice of not paying premium overtime pay, irrespective of how many hours above forty Plaintiff and other movers and helpers worked per week, until approximately May 31, 2024.

69.    Defendants' obfuscated their violations of the overtime requirements of the FLSA and NYLL by failing to provide Plaintiff and other movers and helpers with wage notices at the time of their hiring, and also failing to acknowledge the statements showing hours worked per week.

70.    Plaintiff, FLSA Collective Plaintiffs, and NYLL Class Plaintiffs sustained substantial damages from Defendants' willful acts and omissions described herein.

71.    Defendants acted in the manner described herein to reap unlawful profits at the expense of Plaintiff and other movers and helpers.

### AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Overtime Violations, 29 U.S.C. § 201 et seq.**
**(Brought on behalf of Plaintiff and the FLSA Collective Members)**

72.    Plaintiff, individually and on behalf of the FLSA Collective Members, repeats and realleges all prior allegations set forth above.

73.    Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Members were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

74.    Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours per week during their employment with Defendants.

75. Until approximately May 31, 2024, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Members overtime wages of one and one-half (1.5) times their regular hourly rates or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

76. All movers and helpers employed by Defendants were subjected to the same violations of the FLSA's premium overtime pay provisions.

77. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Members the required overtime wages, Plaintiff and the FLSA Collective Members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

78. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages complied with the law, Plaintiff and the FLSA Collective Members are entitled to liquidated damages equal to one-hundred percent (100%) of their unpaid wages.

79. Judgment should be entered in favor of Plaintiff and the FLSA Collective Members and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
**New York Labor Law -Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the R. 23 Class)**

80. Plaintiff repeats and realleges all prior allegations set forth above, with the same force and effect, as if fully alleged herein.

81. Pursuant to the applicable provision of the NYLL, Plaintiff and the Rule 23 Class members were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

82.     Defendants employed Plaintiff and other paratransit workers for workweeks longer than forty (40) hours and willfully failed to pay them premium overtime compensation for the time worked in excess of forty (40) hours per week at a rate of not less than one and one-half times their regular rate, in violation of the requirements of the NYLL.

83.     Defendants' policy and practice of willfully refusing to pay overtime compensation to paratransit drivers continued until approximately May 31, 2024.

84.     As a result of Defendants' violations of the law and failure to pay Plaintiff and similarly situated paratransit drivers the required overtime wages, Plaintiff and the Rule 23 Class members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

85.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and members of the Rule 23 Class are entitled to liquidated damages.

86.     Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
#### Spread-of-Hours Compensation, 12 NYCRR 142-2.18
#### (Brought on Behalf of Plaintiff and the Rule 23 Class)

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs, with the same force and effect, as if fully alleged herein.

88.     On occasions, Plaintiffs workdays, and the workdays of Rule 23 Class members, exceeded ten (10) hours.

89.     Defendants' failure to pay spread-of-hours compensation of one hour's additional pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning

and end of the workday was greater than ten (10) hours violated the New York Minimum Wage Act, Labor Law Article 19 § 650, et seq. ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4.

90.    Defendants' failure to pay Plaintiff and Rule 23 Class members an additional hour's pay for each day that spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

91.    Due to Defendants' foregoing violations of the NYLL, Plaintiff and members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to Provide Payroll Notices Under the NYLL
### (Brought on Behalf of Plaintiff and Members of the R. 23 Class)

92.    Plaintiff repeats and realleges all prior allegations set forth above with the same force and effect, as if fully alleged herein.

93.    Defendants failed to furnish to Plaintiff and members of the Rule 23 Class, at their time of hire or at any time thereafter, valid notices accurately containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

94.    As Defendants failed to provide Plaintiff and members of the Rule 23 Class with payroll notices as required by NYLL § 195(1), Plaintiff and members of the Rule 23 Class are each entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

95.    Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class against Defendants on the Fourth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Failure to Provide Wage Statements under the NYLL**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

96.    Plaintiff repeats and realleges all prior allegations set forth above with the same force and effect, as if fully alleged herein.

97.    Throughout the relevant time period, Defendants failed to furnish to Plaintiff and members of the Rule 23 Class, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

98.    As Defendants failed to provide Plaintiff and members of the Rule 23 Class with wage statements as required by NYLL § 195(3), they are entitled to statutory damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

99.    Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly-situated persons, respectfully requests that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Members;

B.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the NYLL Class members and appointing Plaintiff and his counsel to represent the class;

C.      An order tolling the statute of limitations;

D.      That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to the Plaintiff, the FLSA Collective, and the NYLL Class;

E.      That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

F.      That the Court declare, adjudge and decree that Plaintiff, the Collective Action Members, and Rule 23 Class Members were at all times relevant hereto, and are, entitled to compensation for unpaid premium overtime wages for work beyond 40 hours in a week, and that unpaid overtime wages are to be doubled as liquidated damages and awarded thereto;

G.      That the Court make an award to the Plaintiff, FLSA Collective Action members, and the Rule 23 Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

H.      For all other orders, findings and determinations identified and sought in this Complaint;

I.      For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR;

J.      Declaring that Defendants violated the notices and record keeping provisions of NYLL and WTPA;

K.      An award of statutory damages for Defendants' failure to provide Plaintiff and the Rule 23 Class with accurate wage statements pursuant to NYLL § 198( I-d);

L.      An award of statutory damages for Defendants' failure to provide Plaintiff and the Rule 23 Class with proper wage notices pursuant to NYLL § 198(1-b);

M.      For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

N.      Such other relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by this Complaint.

Dated:  Lake Success, New York
        January 26, 2025

                                        Yours, etc.,

                                        AVALLONE & BELLISTRI, LLP

                                        By:  _____
                                             Rocco G. Avallone, Esq.
                                             *Attorneys for Plaintiffs and the*
                                             *Putative FLSA Collective Class*
                                             3000 Marcus Avenue, Suite 3E07
                                             Lake Success, New York 11042

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

### SECTION 630, BCL

**TO: DANIEL NORBER**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that ARPAD BURCHOLZ, on behalf of himself and all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of DYNAMIC TRANSPORTATION INC. D/B/A IMPERIAL MOVING AND STORAGE, and D/B/A CUBE MOVERS and LIONS DEN ENTERPRISES INC. D/B/A IMPERIAL MOVERS, D/B/A IMPERIAL SELF STORAGE, and D/B/A IMPERIAL MOVING AND STORAGE, for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: Lake Success, New York
     January 26, 2025

AVALLONE & BELLISTRI, LLP

By:      *[signature]*
         Rocco G. Avallone, Esq.
         *Attorneys for Plaintiffs and the*
         *Putative FLSA Collective Class*
         3000 Marcus Avenue, Suite 3E07
         Lake Success, New York 11042

# EXHIBIT A

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against DYNAMIC TRANSPORTATION INC. D/B/A IMPERIAL MOVING AND STORAGE, and D/B/A CUBE MOVERS and LIONS DEN ENTERPRISES INC. D/B/A IMPERIAL MOVERS, D/B/A IMPERIAL SELF STORAGE, and D/B/A IMPERIAL MOVING AND STORAGE and DANIEL NORBER in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate Avallone & Bellistri, LLP to represent me in such a lawsuit.

Arpad Buchholer
**Signature**

ÁRPÁD TIVADAR BUCHHOLCZ
**Full Legal Name (print)**

333. EAST. MOSHOLU. PKWY. NORTAP 26 10467 DRONX
**Address**

JANUARY 29 2025
**Date**

# EXHIBIT B

- YOU MUST WRITE JOB NUMBER, NAME and CLOCK in CLOCK out TIME FOR EACH JOB! PLEASE WRITE ALL CASH OR CREDIT CARD TIPS IN YOUR TIME SHEET! PLEASE SUBMIT YOUR TIME SHEET BY EVERY TUESDAY.

NAME: ÁRPÁD BUCHHOLCZ

| DATE | JOB NUMBER | CLOCK IN | CLOCK OUT | COMMISSION, CASH OR CREDIT TIP | TOTAL | |
|---|---|---|---|---|---|---|
| 04/22/2018 12/10/23 | ~ | ~ | ~ | ~ | ~ | |
| 04/23/2018 12/11/23 | 312368 | 8 AM | 4³⁰ PM | | 8½ h | |
| 04/24/2018 12/12/23 | ~ | ~ | | | ~ | |
| 04/25/2018 12/13/23 | 311186 | 7³⁰ AM | 7 AM | CREDIT TIP $300 | 23½ h | BIG JOB |
| 04/26/2018 12/14/23 | ~ | ~ | ~ | ~ | ~ | |
| 04/27/2018 12/15/23 | 311172 | 9 AM | 7¹⁵ PM | | 10¼ h | |
| 04/28/2018 12/16/23 | 312799 | 7⁴⁵ AM | 4³⁰ PM | | 8¾ h | |

51 × 17 = 867
CREDIT TIP 300

1167

[ TOTAL 1167 ]

- YOU MUST WRITE JOB NUMBER, NAME and CLOCK in CLOCK out TIME FOR EACH JOB! PLEASE WRITE ALL CASH OR CREDIT CARD TIPS IN YOUR TIME SHEET! PLEASE SUBMIT YOUR TIME SHEET BY EVERY TUESDAY.

NAME: A'RPA'D BUCHHOLCZ

| DATE | JOB NUMBER | CLOCK IN | CLOCK OUT | COMMISSION, CASH OR CREDIT TIP | TOTAL |
|------|-----------|----------|-----------|-------------------------------|-------|
| 04/22/2018 12/17/23 | 311265 | 7⁴⁵ AM | 3¹⁵ PM | CREDIT TIP $40 | 7½h |
| 04/23/2018 12/18/23 | 309901 | 7AM. | 3³⁰ PM | | 8½h |
| 04/24/2018 12/19/23 | 312914 | 9AM. | 5PM | CREDIT TIP $130 | 7h |
| 04/25/2018 12/20/23 | 311454 | 9AM. | 12PM | | 3h |
| 04/26/2018 12/21/23 | 311454 | 9AM. | 6PM | | 9h |
| 04/27/2018 12/22/23 | 313118 | 7⁴⁵ AM. | 6⁴⁵ PM | CREDIT TIP $70 | 10h |
| 04/28/2018 12/23/23 | OFF | | | | |

$45 \times 17 = 765$
CREDIT TIP    40
~ 11 ~    130
~ 12    70
───────
1005

TOTAL 1005